**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JACQUELINE PHILLIPS-HARRIS,

　　　　　Plaintiff-Appellant,

v.

BMW OF NORTH AMERICA, LLC,

　　　　　Defendant-Appellee.

No. 20-55612

D.C. No.
2:20-cv-02466-MWF-AGR

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Before: WARDLAW, PARKER,** and HURWITZ, Circuit Judges.

---

　　*　This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

　　**　The Honorable Barrington D. Parker, United States Circuit Judge for
the Second Circuit, sitting by designation.

1

In April 2018, Jacqueline Phillips-Harris entered a lease agreement with Long Beach BMW-Mini (the "Dealership") to lease a 2018 BMW X5. The lease agreement contained an arbitration clause stating: "Either you or I may choose to have any dispute between us decided by arbitration and not in a court by jury trial."[1] It also states: "Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action."[2]

Phillips-Harris's vehicle later developed multiple defects, including problems with the brakes, engine, restraint system, electrical system, powertrain, and air conditioning. She sued BMW of North America, LLC ("BMW") for multiple breaches of warranty. Relying on the arbitration provision in the lease

---

[1] The terms "I," "me," and "my" refer to the Lessee (Phillips-Harris). The terms "you" and "your" refer to the Lessor (the Dealership) or the Lessor's Assignee (BMW Financial Services NA, LLC).

[2] The term "Claim" is defined as:

"Claim" broadly means any claim, dispute, or controversy, whether in contract, tort, statute or otherwise, whether preexisting, present or future, between me and you or your employees, officers, directors, affiliates, successors, or assigns, or between me and any third parties if I assert a Claim against such third parties in connection with a Claim I assert against you, which arises out of or relates to my credit application, lease, purchase or condition of this Vehicle, this Lease or any resulting transaction or relationship (including any such relationship with third parties who do not sign this Lease).

agreement, to which it was not a party, BMW moved to compel arbitration. The district court granted the motion, finding BMW a third-party beneficiary of the lease agreement. We reverse, and remand. *See Ngo v. BMW of N. Am., LLC*, 20-56027 (9th Cir. 2021).

We review orders compelling arbitration de novo. *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1021 (9th Cir. 2016). To determine whether a non-signatory to an arbitration agreement may compel arbitration, we apply state law. *Arthur Anderson, LLP v. Carlisle,* 556 U.S. 624, 631–32 (2009). In California, a non-signatory seeking to compel arbitration as a third-party beneficiary must demonstrate that (1) "the third party would in fact benefit from the contract;" (2) "a motivating purpose of the contracting parties was to provide a benefit to the third party;" and (3) permitting the third party to enforce the contract "is consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Goonewardene v. ADP, LLC*, 6 Cal. 5th 817, 830 (Cal. 2019). BMW has failed to establish any of these elements.

First, BMW failed to demonstrate that it would "in fact benefit from the contract." *Id*. BMW's reliance on our unpublished memorandum disposition in *Hajibekyan v. BMW of N. Am., LLC*, is misplaced. 839 F. App'x 187 (9th Cir. 2021). The contract at issue there expressly defined arbitrable disputes as including

3

affiliates of the assignee, such as BMW. *See id.* at 188. The arbitration clause here does not. It refers to only three parties who may compel arbitration: Phillips-Harris, the Dealership, and the Assignee.

BMW also failed to demonstrate that the signatories possessed a "motivating purpose" to benefit BMW. *Goonewardene*, 6 Cal. 5th at 830. Dealerships and lessees sign lease agreements to secure benefits for themselves, not third parties. The dealership seeks to earn a profit by leasing a vehicle while the lessee seeks to acquire a vehicle. That the motivating purpose of the lease agreement was not to benefit BMW is further underscored by the language in the arbitration clause. Although it allows for arbitration of claims concerning third parties, it gives only Phillips-Harris, the Dealership, and the Assignee the power to compel arbitration.

Finally, BMW failed to demonstrate that permitting it to compel arbitration would be "consistent with the objectives of the contract and the reasonable expectations of the contracting parties." *Id.* The clause does not mention BMW even though the parties knew how to give enforcement powers to non-signatories (*i.e.*, the Assignee). *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1234 (9th Cir. 2013) (rejecting Best Buy's argument that it was a third-party beneficiary to a contract that named a different entity as a third-party beneficiary because the signatory "clearly knew how to provide for a third party beneficiary if it wished to

4

do so."). It is irrelevant that BMW is referenced, indirectly or otherwise, in other parts of the lease agreement, such as the warranties disclosure, as those sections are not connected to the arbitration clause in any meaningful way. *See Ngo v. BMW of N. Am., LLC*, 20-56027 (9th Cir. 2021); *cf. Manuwal v. BMW of N. Am. LLC,* 484 F. Supp. 3d 862, 868 (C.D. Cal. 2020) (holding BMW could not enforce an arbitration clause as a third-party beneficiary even though the plaintiff's "claims concern the condition of the motorcycle, which is a subject expressly contemplated in the arbitration provision as an arbitrable claim or dispute").

We have considered BMW's other arguments and conclude that they are without merit.

**REVERSED AND REMANDED**